# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                            Civ. No. 12-1108

$24,621.00 IN UNITED STATES CURRENCY,

    *Defendant,*

*and*

JOHN DAVIS,

    *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1. This is a civil action *in rem* for forfeiture of Defendant Currency which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2. The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3. Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of Twenty-Four Thousand Six Hundred Twenty-One ($24,621.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

## Parties and Claimants

5.   The following persons may claim an interest in Defendant Currency:

   (a).   John Davis, 436 Chama St. NE, Apt. A, Albuquerque, NM 87123, whose attorney is Dorothy C. Sanchez, Esq., 1019 2nd St NW, Albuquerque, NM 87102.

## Facts

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.   The Albuquerque Police Department (APD) received information of a person known as "Jay" who was possibly burglarizing a residence located at 436 Chama St. SE, Apt. A, Albuquerque, NM 87123. This address is Davis' home of record. APD observed John Davis sitting inside the residence and attempted to make contact with him. Davis fled the residence and was captured and arrested by APD. Davis had on his person a fake California driver's license with Davis' photo and the name Steve Jacobs, and $24,621.00 in U.S. currency in his pockets and socks.

7.   The APD interviewed neighbors, who suspected Davis was a drug dealer because people were coming in and out of his residence at different times of the day and night.

8.   Department of Homeland Security/Homeland Security Investigations (HSI) Agents interviewed Davis.

9.   Davis stated that he was a citizen of the U.S. and was born in the U.S. Virgin Islands. He said he was born in the city of St. Thomas, but he had no knowledge of the U.S. Virgin Islands. Davis provided agents with his date of birth and a social security number that had discrepancies. Davis provided different SSN's to APD and to HSI. Davis provided a date of

birth that made him 47 years old but told agents he was 40 years old.  Davis' social security number was issued from California not the U.S. Virgin Islands.  Davis did not know why he had a SSN that had been issued in California not in the U.S. Virgin Islands.

10.     Agents asked Davis about the discrepancies.  Davis admitted he was on the run for failure to register as a sex offender.  Davis admitted he has numerous arrests and a sex offense conviction, for which he failed to register as a sex offender in New Mexico.  Davis admitted he has used different aliases, dates of birth, and SSN's during his previous arrests and convictions.

11.     Davis gave different reasons for the source of the money found on his person.  He stated the money was his savings since he works as a tile layer for a construction company, but could not recall the name of the company.  Davis stated he works for cash "under the table" and has not filed his federal income taxes for ten years.  He claimed some of the money was from the sale of a car that he owned, a Mercedes, that a friend had sold for him.  Davis claimed he had the money for a while, and it was "seized" or that an attorney "held onto his money" while he spent six months in jail after he was arrested for DWI in October 2011.  Agents discovered that when Davis was arrested, he also been charged with Concealing Identity.  Davis said the attorney charged him $750 to get his money back from the police.  Davis said the attorney gave the money to him in $100 denominations cash.  Davis claimed the money was from having someone, whom he could not name, buy cars at car auctions, which Davis would fix up and sell.  Davis was unable to provide verifying details for any of his stories.

12.     Agents requested and received consent to search Davis' cell phone.  Davis' phone

3

had text messages from individuals asking Davis for "work" or that they were "ready to work." Agents asked what the individuals meant by wanting work. Davis responded that they just wanted work, but Davis could not specify what type of work.

13. Based on agents' training and experience, the "wanting to work" and "ready to work" can be interpreted as narcotics trafficking.

14. Davis provided names and phone numbers of two drug dealers in the Albuquerque area, which were verified in his cell phone.

15. The HSI agents seized the currency.

16. Based on agents' training and experience the currency was derived from the illegal sale of drugs.

### CLAIM FOR RELIEF

17. Defendant currency is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

18. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because it is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

CYNTHIA L. WEISMAN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico   87103
(505) 346-7274

## 28 U.S.C. ' 1746 DECLARATION

I am a Special Agent with the Homeland Security Investigations who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 10/25/12

Gabriel Lucero, Special Agent
Homeland Security Investigations

6